IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-00977-JPG |
| | ) |
| **ANDY GARDEN,** | ) |
| **TROY REED,** | ) |
| **CLAYTON CARTER, and** | ) |
| **LACY GILLENWATER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Robert Williams, a pretrial detainee at Marion County Law Enforcement Center ("Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff asserts claims for unconstitutional conditions of confinement stemming from his placement in a filthy jail cell while recovering from injuries he sustained in an inmate attack. (*Id*. at 8-9). He seeks money damages and routine cell cleanings before all inmate transfers. (*Id*. at 7).

The Complaint is now before the Court for screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

### The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 8-9): While detained at the Jail, Plaintiff was assaulted by another inmate with a brick on April 6, 2022. He suffered lacerations that required six stitches. While recovering, he moved to B block. (*Id.*).

Plaintiff challenges the conditions of his confinement there. Plaintiff maintains that his new cell was filthy. The floor was covered in trash. The toilet was smeared with feces and would not flush for days. Plaintiff had open or newly-sutured wounds and worried about infection. (*Id.*).

He asked the defendants to clean his cell or provide him with cleaning supplies to do the same. Plaintiff also pushed the trash to the front of his cell for the defendants to see. When Jail Administrator Reed observed the mess, he instructed Sergeant Carter to have an officer clean the cell. Sergeant Carter summoned Officer Gillenwater to clean the cell, but she only picked up paper. She used no bleach and no other cleaning supplies to sanitize the cell. When Plaintiff complained that the cell was still dirty, Officer Gillenwater called him a "cry baby." Plaintiff also filed grievances,[1] but they were denied. (*Id.*).

### Discussion

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

**Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail by moving him to a filthy cell in B block on or around April 6, 2022, and forcing him to live there with open or newly-sutured wounds.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

---

[1] Plaintiff filed copies of his grievances along with the Complaint. However, they are too light to read. If he intends to rely on the grievances at any stage in the case, Plaintiff will need to darken and re-file them.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

A pretrial detainee's claim for unconstitutional conditions of confinement is governed by the Fourteenth Amendment's Due Process Clause. *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). An objective unreasonableness standard applies. *Id*. at 823. The unreasonableness of Plaintiff's conditions of confinement depends on the severity and duration of his exposure to the conditions. Plaintiff has a right to live in an environment that is free of accumulated human waste. *Id*. Pretrial detainees are not required to permanently live in human filth. *Id*. At the same time, a single clogged toilet does not violate this right, and a detainee is not entitled to demand hotel-level accommodations. *Id*.

Here, Plaintiff's extended exposure to human excrement, a broken toilet, and trash-covered floors while he recovered from open or newly-sutured wounds supports a claim against one or more defendants for subjecting him to objectively unreasonable conditions. The Court will allow this claim to proceed against Officer Gillenwater, who was charged with the task of cleaning up Plaintiff's cell and refused to do so before calling Plaintiff a "cry baby" for complaining that the filth subjected him to an unnecessary risk of infection. Count 1 shall receive further review against the officer, in an individual capacity.

However, this claim does not survive screening against any other high-ranking officials in their individual capacities, including Sergeant Carter, Jail Administrator Reed, or Sheriff Garden. A high-ranking official named in his or her individual capacity "cannot be held liable in a [S]ection 1983 action unless he [or she] caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior* liability is inapplicable in this context. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Polk v. Dodson*, 454 U.S. 312, 325 (1981). Section 1983 liability requires involvement in the constitutional deprivation. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 384 (7th Cir. 1988).

Plaintiff must set forth allegations suggesting that each individual defendant directly participated in a deprivation of his constitutionally or federally protected rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A "causal connection" or an "affirmative link" between the misconduct and the official sued is necessary. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Plaintiff sets forth no allegations against Sheriff Garden, and his allegations against Jail Administrator Reed and Sergeant Carter indicate that both individuals took steps to ensure that the cell was cleaned. Officer Gillenwater, not the other individual defendants, refused to clean the cell or provide the plaintiff with cleaning supplies for this purpose. Accordingly, Count 1 shall be dismissed without prejudice against Carter, Reed, and Garden, in their individual capacities.

Because Plaintiff seeks injunctive relief at the close of the case, in the form of an order for routine cleaning of cells between inmate transfers, the Court will leave Jail Administrator Reed named as a defendant, in his official capacity, for the sole purpose of carrying out any injunctive relief that is ordered herein.

### Interim Relief

Plaintiff has filed several letters with the Court. (Docs. 7-9). None seek specific relief. Plaintiff requests "help" because the defendants violated "every right [he] ha[s]." (*Id*.). He then sets forth a list of acts by various individuals who allegedly violated his rights. But, without a specific request for relief in a motion that sets forth specific allegations of misconduct by actual named defendants, the Court is unable to discern what relief he wants or needs on an interim or permanent basis. If Plaintiff seeks interim relief, in the form of a temporary restraining order or preliminary injunction, he may file a motion pursuant to Federal Rule of Civil Procedure 65 at any time during the pending action. In the motion, he should state exactly what relief he requires and summarize the facts supporting his request for relief.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendant **LACY GILLENWATER**, in her individual capacity, and this claim is **DISMISSED** without prejudice against all other defendants, in their individual capacities. Defendant **TROY REED** remains named in his official capacity for the sole purpose of implementing any injunctive relief that is ordered herein, and all other official capacity claims against the defendants are **DISMISSED** without prejudice. The Clerk's Office is **DIRECTED** to **TERMINATE** Defendants **CLAYTON CARTER** and **ANDY GARDEN** as parties in CM/ECF.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **LACY GILLENWATER** (individual capacity) and **TROY REED** (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay for formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 8/9/2022                                              s/J. Phil Gilbert
                                                             **J. PHIL GILBERT**
                                                             **United States District Judge**

## **Notice**

      The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.