IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. WILLIAMS, #K95642, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-00977-JPG |
| ) | |
| TROY REED and ) | |
| LACY GILLENWATER, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of Defendant Troy Reed's Motion to Dismiss (Doc. 37). Troy Reed is Marion County Law Enforcement Center's Jail Administrator, and he is named, in his official capacity only, for purposes of carrying out any injunctive relief ordered for implementation at Marion County Law Enforcement Center. (*See* Doc. 10). Because Plaintiff is not housed at the Jail and demonstrates no reasonable likelihood of returning to the same conditions there, his request for injunctive relief is moot and Defendant Reed's motion shall be **GRANTED**.

### BACKGROUND

Plaintiff Robert Williams filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional violations that occurred during his pretrial confinement at Marion County Law Enforcement Center ("Jail"). (Doc. 1). After being assaulted by another inmate on April 6, 2022, Plaintiff was moved to B Block to recover from injuries that included open or newly sutured wounds. (*Id*. at 8). Plaintiff's cell was filthy. He asked the defendants to clean it for him or provide him with cleaning supplies. (*Id*.).

Jail Administrator Troy Reed observed the mess and told Sergeant Carter to have an officer clean it up. Sergeant Carter assigned Officer Gillenwater to the job, but she put forth little effort to clean the area. When Plaintiff complained, she called him a "cry baby." (*Id*. at 9). Plaintiff filed a grievance to address his concerns on April 8, 2022, and it was denied. (*Id*. at 11-12). Plaintiff requested monetary and injunctive relief, in the form of an order requiring routine cell cleanings before all inmate cell transfers at the Jail. (*Id*. at 7).

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with one claim against Officer Gillenwater, in her individual capacity:

**Count 1:** Gillenwater subjected Plaintiff to unconstitutional conditions of confinement at the Jail by moving him to a filthy cell in B block on or around April 6, 2022, and forcing him to live there with open or newly sutured wounds, in violation of his rights under the Fourteenth Amendment's Due Process Clause.

(Doc. 10). The Court dismissed this claim against Jail Administrator Reed, in his individual capacity, based on Plaintiff's assertion that Reed took steps to have his cell cleaned. However, this defendant remained named in his official capacity for purposes of carrying out any injunctive relief ordered herein. (*Id*. at 5).

## TROY REED'S MOTION TO DISMISS

On October 11, 2022, Jail Administrator Reed filed a motion to dismiss the Complaint against him pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. According to his motion, Rule 12(b)(1) permits a party to seek dismissal for lack of subject matter jurisdiction, and mootness is a jurisdictional question. (Doc. 37, ¶ 5) (citing *Schorr v. Walton*, 2017 WL 2471082, at *2 (S.D. Ill. May 8, 2018)). Jail Administrator Reed argues that the claim for injunctive relief against him, in his official capacity, was rendered moot by Plaintiff's transfer into the custody of the Illinois Department of Corrections ("IDOC") after filing this lawsuit. (*Id*. at ¶ 6). Because

Plaintiff can show no likelihood of returning to the Jail, any claim for injunctive relief is moot. (*Id.*). Accordingly, this defendant seeks dismissal of the official capacity claim and this suit against him. (*Id.* at ¶ 7).

### PLAINTIFF'S RESPONSES

In November 2022, Plaintiff filed two responses in opposition to the motion. (*See* Docs. 48 and 52). In the first one filed November 7, 2022, Plaintiff asserts that he will "possibl[y]" return to the Jail before March 22, 2023, given his "outdate" and his then-pending charges in Marion County. (Doc. 48). In his second response filed November 10, 2022, Plaintiff simply reiterated his request that Jail Administrator Reed remain named as a defendant, in his official capacity. (Doc. 52).

### DISCUSSION

Rule 12(b)(1) permits dismissal of claims for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Under that rule, a defendant can challenge a court's subject matter jurisdiction in two ways. First, the defendant may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff, just as with a Rule 12(b)(6) motion. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). Second, where a complaint is facially sufficient, the defendant may challenge the actual facts establishing jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject

matter jurisdiction. *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists. *Lee*, 330 F.3d at 468.

The defendant pursues the second path to relief. (Doc. 37). He challenges the actual facts establishing jurisdiction over Jail Administrator Reed, who is named in his official capacity only, for purposes of carrying out any injunctive relief ordered for implementation at the Jail. This defendant points out that Plaintiff is not housed at the Jail. He is in IDOC custody with no plans to return to the Jail. Plaintiff's request for injunctive relief is thus moot, obviating any need to name the jail administrator as a defendant. (*Id.*).

Mootness is a "threshold jurisdiction question that insures that the court is faithful to the case or controversy limitation in Article III of the Constitution." *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008). When a prisoner who seeks injunctive relief for conditions he encountered at a particular facility is transferred from that facility, his request for relief becomes moot if there is no realistic possibility of returning to that facility. *See Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017) (citing *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) ("a case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.")). Plaintiff asserts that there is some possibility he will return to the Jail on or before March 22, 2023. (*See* Doc. 48) (Plaintiff asserts that he will "possibl[y]" return to the Jail before March 22, 2023.). That date has come and gone, and public records show that Plaintiff remains confined at Shawnee Correctional Center[1] where he is serving a three-year sentence for possession of methamphetamine

---

[1] *See* https://idoc.illnois.gov/offender/inmatesearch.html (last visited June 15, 2023); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

in Marion County Case No. 22-CF-93. According to the same public records,[2] Plaintiff has been in IDOC custody since March 24, 2022, and he filed this action on May 9, 2022. Although Plaintiff has transferred to several different facilities during the pending action, this does not establish a realistic possibly of his return to the Jail. (*See* Docs. 26, 34, and 48) (notifying court of transfers to Jefferson County Jail on August 26, 2022, Graham Correctional Center on October 5, 2022, Shawnee Correctional Center on November 7, 2022). After all, none of these transfers have been back to Marion County Law Enforcement Center, and he has alerted the Court to no anticipated transfer beyond the possible transfer that never occurred. *Id*. Given this, Plaintiff's request for injunctive relief as it pertains to the Jail is moot, and Jail Administrator Reed is entitled to dismissal without prejudice in his official capacity. *See also* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

## DISPOSITION

Defendant Troy Reed's Motion to Dismiss (Doc. 37) is **GRANTED**, and Plaintiff's Motion to Keep Defendant Reed as Party to this Suit (Doc. 48) and Motion for Keeping Troy Reed Held in His Official Capacity (Doc. 52) is **DENIED**. The official capacity claim against Defendant Reed is **DISMISSED** without prejudice. **COUNT 1** is now **DISMISSED** without prejudice against this defendant, in his individual and official capacities.

The only remaining claim is **COUNT 1** against Defendant **LACY GILLENWATER**, in her individual capacity. The Court will enter a separate Scheduling and Discovery Order to set deadlines and provide instructions for litigation of this claim.

**The Clerk's Office is DIRECTED to TERMINATE Jail Administrator Troy Reed as a party in CM/ECF and entered Judgment accordingly at the close of this case.**

---

[2] *Id*.

**IT IS SO ORDERED**.

**DATED: 6/20/2023**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**
