UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> ANDY GARDEN, et al., <br><br> Defendants. | Case No. 3:22-cv-977-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion for a temporary restraining order and preliminary injunction. (Doc. 104). The plaintiff filed his motion on August 30, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** his motion without prejudice.

In his self-styled motion, Williams seeks an immediate transfer from Marion County Jail because he fears retaliation by Jail staff, including Defendant Gillenwater. The Court construes his request as one for a temporary restraining order (TRO) and denies the same. A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Williams has not met this standard for several reasons.

First, William's motion is largely illegible and unintelligible. The Court is unable to

discern the exact nature of his complaint or his request. All pleadings presented for filing in this District must be "plainly typewritten, printed, or prepared by a *clearly legible* duplication process and double-spaced." *See* SDIL-LR 5.1(b) (emphasis added). And, "[t]he Court, in its discretion, may strike and direct the return of any defective pleading." SDIL-LR 8.1(b).

Second, the Court rarely grants TROs because this is a drastic form of relief and last for only a short time; Williams's motion provides no exception. He seeks immediate transfer from the Jail to avoid retaliation he claims to be receiving from staff for filing this lawsuit. His concern is speculative, as pleaded. He also describes events that have occurred since filing the Complaint and may be better suited to an amended complaint filed in this case or a separate civil rights action brought pursuant to 42 U.S.C. 1983.

Third, the Court is in no position to make a housing decision for Plaintiff. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Under the circumstances, his request for a prison transfer is **DENIED** without prejudice.

**IT IS SO ORDERED.**
**DATED:  September 4, 2024**

                                                *s/ J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**